# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**RICHARD A. PACENZA, SR.**                                             **PLAINTIFF**

**v.**                                             **CAUSE NO. 2:10CV-139-SA-DAS**

**UNITED STATES OF AMERICA**                                             **DEFENDANT**

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Richard Pacenza commenced this *pro se* action against the United States of America on August 17, 2010. Pacenza alleges he was injured during an eye operation performed at the Memphis Veterans Affairs Hospital in Memphis, Tennessee, on November 28, 2007. Pursuant to the Federal Tort Claims Act ("FTCA"), Pacenza provided notice of his claim by filing a standard Form 95 with the Department of Veterans Affairs on August 29, 2008. After his claim was denied, Pacenza commenced the instant suit on August 17, 2010. In his one page complaint, Pacenza alleges that "Dr. Bell tore a hole in my retina trying to remove scar tissue." Defendant United States has now filed a Motion for Judgment on the Pleadings [12] on the basis that Plaintiff has failed to file a certificate of good faith with the court as required by the Tennessee Medical Malpractice Act. Plaintiff has failed to respond to the motion and the time for doing so has passed. For the following reasons, the Court finds the motion to be well taken and GRANTS said motion.

## STANDARD OF REVIEW

The standard of review for a motion for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n.8 (5th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

(2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007)).

## **DISCUSSION**

The FTCA permits "civil actions for damages against the United States for personal injury

or death caused by the negligence of a government employee under circumstances in which a private

person would be liable." <u>Quijano v. United States</u>, 325 F.3d 564, 567 (5th Cir. 2003). In FTCA

cases, the federal courts rely on the substantive law of the state where the alleged wrongful acts

occurred. <u>See</u> 28 U.S.C. § 1346(b)(1); <u>Johnson v. Sawyer</u>, 47 F.3d 716, 727 (5th Cir. 1995) (en

banc). Here, because the alleged medical malpractice occurred in Memphis, Tennessee, this Court

will apply Tennessee state law.

The Tennessee Medical Malpractice Act ("TMMA") requires the plaintiff or plaintiff's

counsel to file a certificate of good faith in any medical malpractice action in which expert testimony

is required. TENN. CODE ANN. § 29-26-122(a).[1] The certificate shall state that the plaintiff or

plaintiff's counsel has consulted with an expert who has provided a signed written statement that

there is a good faith basis to maintain the action. TENN. CODE ANN. § 29-26-122(a). The failure of

a plaintiff to file a certificate of good faith in compliance with this section shall make the action

---

[1]Expert testimony is statutorily required to prove each element of a medical malpractice
claim, subject to an exception for injuries that a layperson could infer, based on common sense,
would not happen in the absence of negligence, e.g. a foreign object is left in a patient after
surgery. TENN. CODE ANN. § 29-26-115; <u>Kenyon v. Handal</u>, 122 S.W.3d 743, 758 (Tenn. Ct.
App. 2003); <u>Seavers v. Methodist Med. Center</u>, 9 S.W.3d 86, 92 (Tenn. 1999). That exception is
inapplicable here. <u>See</u> <u>McConkey v. State</u>, 128 S.W.3d 656, 660 (Tenn. Ct. App. 2003)
("Neither this Court nor the average layperson knows whether accidentally severing a vein during
a vasectomy is an injury which ordinarily does not occur in the absence of negligence. As such,
this case does not fall into the common knowledge exception and expert testimony was
required").

subject to dismissal with prejudice. TENN. CODE ANN. § 29-26-122(c).

Under the version of the TMMA applicable to this action, Pacenza was required to file a certificate of good faith within 90 days of filing his complaint. 2008 Tenn. Pub. Acts 919; See Williams v. United States, 2010 WL 1957238, at *3 (W.D. Tenn. May 12, 2010).[2] Pacenza has failed to do so. Because Pacenza has failed to file a good faith certificate as required by Tennessee law, the Court must dismiss this case with prejudice. See, e.g., Williams v. United States, 2010 WL 4736907 (W.D. Tenn. Nov. 16, 2010); Maliani v. Vanderbilt Univ. Med. Ctr., 2010 WL 4054268 (M.D. Tenn. Oct. 15, 2010); Miller v. Monroe County, 2010 WL 1427298 (E.D. Tenn. April 7, 2010). Defendant's Motion for Judgment on the Pleadings [12] is GRANTED, the Plaintiff's claims are dismissed, and this case is closed.

SO ORDERED on this, the 23rd day of March, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[2]The act was amended in 2009 to require plaintiffs to file the certificate contemporaneously with the complaint. Tenn. Code. Ann. § 29-26-122(a). However, the new version applies only to actions in which notice is given on or after July 1, 2009. 2009 Tenn. Pub. Acts 425 § 4. Pacenza provided written notice of his claim on August 29, 2008.